IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED AUTOMOBILE INSURANCE,<br><br>Plaintiff,<br>v.<br><br>STUCKI & RENCHER, LLC; MICHAEL J. COLLINS<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTIONS FOR DISCOVERY AND DENYING MOTION TO QUASH<br><br>Case No. 2:15-cv-834 RJS<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636 (b)(1)(A)[1] from Judge Robert Shelby. Pending before the court are four discovery motions. Defendants Stucki & Rencher LLC and Michael Collins have filed three motions for discovery seeking responses to certain Interrogatories, production of documents and answers in response to requests for admissions.[2] Plaintiff United Automobile Insurance (UAIC) seeks to have this court quash a subpoena served upon Richard Parillo who is Plaintiff's Chief Executive Officer. As set forth below the court will grant and deny the respective motions in part.

## BACKGROUND

This action is a malpractice case brought by Plaintiff against Defendants. The circumstances giving rise to the dispute come from an underlying lawsuit, where following trial, Plaintiff's insured was found at fault and a jury awarded a judgment against the insured for $936,017.00.[3] Plaintiff UAIC settled the judgment and discharged it on behalf of their insured for over $700,000. UAIC also paid the fees and reimbursed Defendants for the costs associated

---

[1] Docket no. 16.

[2] Docket no. 36, 37 and 38.

[3] Complaint p. 3-4, docket no. 2.

in bringing the defense in the underlying action.[4]  Plaintiff then subsequently filed this case against Mr. Collins and the law firm of Stucki & Rencher alleging professional negligence/malpractice, negligence, equitable subrogation and breaches of certain duties and contract.[5]

DISCUSSION

Federal Rule of Civil Procedure 26 governs Defendants discovery motions.  Rule 26(b) provides in relevant part that

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

With Rule 26 as the backdrop the court considers the discovery requests handed out by Defendants' counsel during the hearing held on September 20, 2017, that are the subject of the motions.  Before turning to the requests, however, the court **ORDERS** Plaintiff to provide affidavits outlining the details of the searches including the methods used.  During the hearing Plaintiff's counsel readily admitted surprise at the lack of policies and manuals within UAIC.  Although a lack of certain discovery documents may be surprising the court will not at this time call into serious question UAIC's business practices, but affidavits are to be provided to help alleviate any concerns that discovery is missing or being withheld.  The court agrees with Defendants' concern that there is a need for discovery to prepare for depositions.  If the searches

---

[4] *Id.* p. 4.

[5] *See id.* p. 5-44.

reveal little to no information Defendants will know with some certainty based upon the affidavits that depositions may proceed.

### I. Interrogatories

The court finds many of the Interrogatories to be overbroad and modifies them as set forth below. As a starting point, the court notes that the underlying accident was on or about April 25, 2011[6] and the underlying policy was first issued on approximately March 12, 2009.[7] Some of the Interrogatories seek information from January 1, 2005, which the court finds to be too remote from the relevant events in this case. The court finds the Interrogatories should be limited to those circumstances and individuals involved in this matter and the underling matter so they are not overbroad. While discovery is broad at this stage of the case, there is still a need to weigh the proportionality requirements which may narrow discovery based on the needs of the case.

1. (REVISED) Identify with particularity every case in which a bad faith claim has been brought against UAIC from January 1, 2005 to February 1, 2014. For each, state the date on and location in which it was filed, the nature of the claim, and how it was resolved.

The court finds the request for "every case" overbroad as well as the requested time frame. The court will permit a representative sample of 10 cases in summary form from January 1, 2009 to February 1, 2014.

2. (REVISED) Identify with particularity every case involving one or more of your insureds in which you have rejected an offer of settlement for an amount that fell within the limits of the insured's policy and then received a verdict and/or judgment exceeding the policy(s) from January 1, 2005 to February 1, 2014. For each, identify the case title, name, and location of filing, the policy limits, and the amount of the verdict or judgment.

---

[6] Complaint ¶ 8.

[7] *Id.*

The court finds the time frame overbroad and will limit it from January 1, 2009 to February 1, 2014.

4. Identify with particularity every lawsuit and/or arbitration in which the Utah Rules of Civil Procedure applied ~~and in which~~, from January 1, 2010 to the present ~~you advised counsel for your insured to elect to depose an expert rather than to receive an expert report and/or in which you have objected to your legal counsel electing an expert report rather than an expert deposition.~~

   The court finds this Interrogatory overbroad but will permit it as set forth above without the portions that have been struck.

5. Identify with particularity every case in which, from January 1, 2010 to the present, you have advised counsel for your insured(s) to postpone incurring litigation/arbitration costs, such as, without limitation: conducting discovery, the retention and/or consultation of an expert, a medical evaluation, preparing and/or filing pleadings or other court filings, as well as the re on(s) for you so advising and/or directing.

   The court finds this particular Interrogatory overbroad and strikes it. Plaintiff need not answer it.

6. Identify with particularity every communication you had with Mike Collins from April 25, 2011 to the present. For each, identify the date of the communications, who was present, whether the communication was via telephone, email, letter, or in person, and the general nature of the conversation.

   The court finds this Interrogatory relevant and within the scope of discovery.

7. (REVISED) Identify with particularity every communication you had about the car accident or the underlying litigation from April 25, 2011 to the present, including without limitation any communications by, between, or among Kathy Webb, Denise Davis, Jan Cook, Sandra Colovo, Mr. VanDyke from VC Investigations, or Richard (Frank) Parillo. For each, identify the date of the communications, who was present, whether the communication was via telephone, email, letter, or in person, and the general nature of the conversation. If the communication was in writing, please identify by bates number.

   The court finds the use of "you" in the first sentence to be vague. Defendants are to redraft this Interrogatory specifying who exactly "you" is referring to.

8. Identify with particularity every communication you had with Rose Marie or Genevieve Wirth from April 25, 2011 to the present. For each, identify the date of the communications, who was present, whether the communication was via telephone, email, letter, or in person, and the general nature of the conversation.

   The court finds this Interrogatory relevant and within the scope of discovery.

9. Identify with particularity every communication you had with the Impact General from April 25, 2011 to the present. For each, identify the date of the communications, who was present, whether the communication was via telephone, email, letter, or in person, and the general nature of the conversation.

   The court finds this Interrogatory relevant and within the scope of discovery.

10. (REVISED) Identify with particularity all internal procedures you have related to the following from January 1, 2005 to the present:
    a. Settling claims;
    b. Engaging experts;
    c. Evaluating claims;
    d. Approving settlement demands
    e. Documenting communications related to a case
    f. Obtaining medical records

    The court finds the stated time frame overbroad and will limit it from January 1,

2009 to February 1, 2014.

12. (REVISED) For each person identified in response to Interrogatory No. 11, identify with particularity any days either were not in the office during May, June, and July 2013.

    The court finds this Interrogatory relevant and within the scope of discovery.

15. Identify with particularity all internal procedures (whether written or oral) you have had from January 1, 2010 to the present related to the following:
    a. Consulting experts;
    b. Evaluating claims;
    c. Preserving evidence;
    d. Requesting independent medical examinations;
    e. Overseeing or providing input related to trial strategy; and
    f. Settlement of excess verdicts.

    The court finds this Interrogatory relevant and within the scope of discovery.

16. Identify any training offered to your employees with respect to the handling or managing of lawsuits from January 1, 2005 to the present. For each, identify the date, the subject matter, those in attendance, and any instructors.

    The court finds the time frame overbroad and will limit it from January 1, 2009 to

the present.

17. Identify with particularity how the management of expenses and fees in lawsuits, settlement of claims, and judgment amounts are evaluated for purposes of UAIC employees' performance evaluations, promotions/demotions, or compensation.

    The court finds this Interrogatory relevant and within the scope of discovery.

18. Identify with particularity all complaints filed against you with any state insurance department, including without limitation the Utah Insurance Department, from January 1, 2005 to the present. For each, identify the date of the complaint, the parties to the complaint, the subject matter and nature of the complaint, and the current status or outcome of the complaint.

    The court finds this Interrogatory overbroad as written and Defendants are

ordered to redraft it.

23. Identify with particularity all terms and implied duties arising under the contract you alleged in paragraph 43 of the Complaint was created between Collins, Stucki & Rencher, and UAIC.

    The court finds this Interrogatory relevant and within the scope of discovery

although it does appear to be similar to a request for an admission than an Interrogatory.

As with the other Interrogatories the court deems relevant and within the scope of

discovery, Plaintiff is to provide an answer to the discovery request.

25. From January 1, 2010 to the present, please identify with particularity all of the reports, orders, consent orders, or sturdies issued by any state regulatory office against UAIC, including without limitation, reports, orders, consent orders, or studies regarding UAIC's practices.

    The court finds this Interrogatory overbroad as written and Defendants are ordered to

redraft it.

## II. Requests for Production of Documents

2. All documents relating to the underlying case and/or car accident, including but not limited to your entire case file(s) for the underlying case and/or car accident, and all communications relating to the underlying case and/or the car accident, including, but not limited to, all communications relating to possible settlement, relating to the retention of or failure to retain experts, and involving Kathleen Webb, Jan Cook, Paul Susz, Sandra Covolo, Richard P. Parrilo, Sr., Dr. Lyle Mason, and Dean Walker.

    The court finds this Request for Production relevant and within the scope of discovery.

3. (REVISED) Any and all of your policy and procedure manuals that were in effect and/or distributed to employees and/or other agents of UAIC, as well as any and all other documents setting forth written or verbal training or instructions given to your employees or agents relating to the handling or managing of lawsuits, including but not limited to how to manage expenses and fees in lawsuits, settlement of claims, and any connection between how lawsuits are managed or handled by you and your promotion, demotion, and/or compensation of your employees and/or agents from January 1, 2005 to the present.

    The court finds the time frame overbroad and will limit it from January 1, 2009 to the present.

4. (REVISED) Any and all financial reports, analyses, forecasts, and/or calculations showing (i) the policy limits of policies issued by you and (ii) your actual, estimated, and/or projected profits and/or losses and/or other financial projections or from January 1, 2005 to the present.

    The court finds this request overbroad on its face and strikes it as it requests all "reports, analyses, forecasts," etc. from cases not relevant to the case at hand. Such a request violates principles of proportionality.

5. All communications with Rose Marie or Genevieve Wirth from April 25, 2011.

    The court finds this Request for Production relevant and within the scope of discovery.

6. All communications evidencing, referring, or relating to the car accident or the underlying litigation from April 25, 2011 to the present.

    The court finds this Request for Production relevant and within the scope of discovery.

7. All documents, including any backup files evidencing, referring, or relating to the car accident, the underlying litigation, or the recommendation for settlement in May and June of 2013.

    The court finds this Request for Production relevant and within the scope of discovery.

9. (REVISED) All expert reports provided by any expert engaged in any case against one of your insureds from January 1, 2010 to the present.

    The court finds this request overbroad on its face and strikes it. "All expert reports" by

"any expert" is simply too broad for the allegations in this case.

13. All documents evidencing, referring, or relating to the car accident or the underlying litigation from April 25, 2011 to the present, including without limitation any communications by, between, or among Kathy Webb, Denise Davis, Jan Cook, or Frank Parillo.

    The court finds this Request for Production relevant and within the scope of discovery.

19. All documents evidencing, referring, or relating to any studies, reports, orders, consent orders, or other documents issued by any state regulatory office regarding UAIC, including without limitation any studies, reports, and orders conducted by Florida's Office of Insurance Regulation, Arizona's Department of Insurance, Georgia's Office of Insurance and Safety Fire Commissioner, Illinois' Department of Financial and Professional Regulation Division of Insurance, and the Utah Insurance Department.

    The court finds this Request for Production relevant and within the scope of discovery.

20. All documents evidencing, referring, or relating to any actions taken by UAIC in response to any studies, reports, orders, consent orders, or other documentation issued by any state regulatory office regarding UAIC, including without limitation any studies, reports, and orders conducted by Florida's Office oflnsurance Regulation, Arizona's Department of Insurance, Georgia's Office oflnsurance and Safety Fire Commissioner, Illinois' Department of Financial and Professional Regulation Division of Insurance, and the Utah Insurance Department.

    The court finds this Request for Production relevant and within the scope of discovery.

21. All documents evidencing, referring, or relating to any billing guidelines, instructions, practices, or policies concerning your payment of legal fees and expenses for your insureds, including any billing guidelines, instructions, practices or policies concerning your payment of Defendants' legal fees and expenses in the underlying litigation.

    The court finds this Request for Production relevant and within the scope of discovery.

23. The complete personnel file for every UAIC employee involved in evaluating any claim relating or referring to the car accident or the underlying litigation, including without limitation, the personnel files for Kathy Webb, Jan Cook, and Sandra Covolo.

The court finds this request overbroad because it includes documents beyond the scope of relevance to this case and outside of proportionality principles, but the court will modify. Rather than the complete personnel file Plaintiff is to produce training documents, reprimands, promotions, demotions, work evaluations and vacation information for the aforementioned individuals. The vacation information is to be limited from January 1, 2009 to July 2013 which conforms with Defendants' Interrogatory No. 12.

**III.    Requests for Admissions**

2.   Admit that you instructed Collins not to incur any litigation expenses without your prior approval.

11. Admit that you did not give Collins authority to make a policy limits offer until July 24, 2013.

The court finds these requests relevant and within the scope of discovery. Plaintiff is to answer it to the best of their knowledge.

**IV.    The court will deny the motion to quash at this time but certain conditions must be met before the deposition of Mr. Parillo may be noticed.**

On July 27, 2017, Richard Parillo was served with a subpoena commanding him to appear for a deposition on August 29, 2017. Mr. Parillo is the Chief Executive Officer and Chairman of the Board for Plaintiff. The deposition was postponed until the court ruled on Plaintiff's Motion to Quash the subpoena.[8]  Plaintiff also moved for a separate Motion to Quash

---

[8] [Docket no. 44](#).

9

in Florida where Mr. Parillo lives (Florida motion). The parties filed a stipulated motion to transfer the Florida motion to this court.[9]

Plaintiff resists Mr. Parillo's deposition arguing that he relies upon department heads to manage the company's day to day operations, he had no involvement in the relevant facts of this case, had no communications with Mr. Collins and had no knowledge about the underlying case until it resulted in the almost $1,000,000 verdict.

Following the verdict Mr. Parillo signed two letters to Plaintiff's insured. In one letter Mr. Parillo stated that UAIC believed it had "significant grounds for a successful appeal and to have the verdict vacated and/or overturned."[10] In the other letter Mr. Parillo notified the insured of the settlement. Defendants point to this involvement in the case as a basis for deposing Mr. Parillo. Defendants also cite to an email from Sandra Covolo the claim supervisor to Jan Cook who assisted on the claim. This email was a "written reprimand" wherein Ms. Covolo references her reliance on incomplete and incorrect information provided by Ms. Cook that was given to Mr. Parillo. Additionally, Defendants assert Mr. Parillo had some involvement in the decision to shut down the Arizona office which handled the underlying claim.

Plaintiff "proposed that Mr. Parillo be deposed only if [D]efendants' deposition of Ms. Covolo and the two claims adjusters show a need for Mr. Parillo to be deposed."[11] The court finds some wisdom in this proposal. Additionally, this proposal follows the principles found

---

[9] Due to Hurricane Irma that left wide spread destruction across the Caribbean, Florida and other states the Southern District of Florida had some understandable delays in transferring the Florida motion. The stipulated motion was granted by that court on September 18th. For all practical purposes the two motions to quash are identical and the court renders its decision that decides both the motions. *See* Notice of Order Transferring Objections to Subpoena to Utah, docket no. 56.

[10] Defs Op. p. 4, docket no. 55.

[11] Reply p. 2, docket no. 50.

within the Apex doctrine, which Plaintiff argued in support of its position in the Florida motion. In the Tenth Circuit,

> Under the apex doctrine, a court may protect high level corporate executives from the burden of attending a deposition under the following circumstances: '(1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company.'[12]

The Apex doctrine test is nearly identical in Florida where courts look to whether (1) the executive had "unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) ) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success."[13]

Here, based on the present facts before the court, it is too early to determine exactly whether Mr. Parillo will have unique personal knowledge or if the information sought from him will already be provided by Ms. Covolo and the other employees. The court will therefore deny without prejudice the motion to quash and adopt Plaintiff's proposal that it consider Mr. Parillo's deposition after the others occur.

## CONCLUSION AND ORDER

Based upon the foregoing Defendants' discovery motions are GRANTED IN PART and DENIED IN PART. Plaintiff is to provide the discovery and affidavits as set forth above.

IT IS FURTHER ORDERED that Plaintiff's Motion to Quash is DENIED WITHOUT PREJUDICE. The other depositions are to take place prior to determining whether Mr. Parillo need be deposed.

---

[12] *Asarco LLC v. Noranda Min., Inc.*, No. 2:12-CV-00527, 2015 WL 1924882, at *3 (D. Utah Apr. 28, 2015) (quoting *Naylor Farms v. Anadarko OGC Co.*, 2011 U.S. Dist. LEXIS 68940, *3).

[13] *Brown v. Branch Banking & Trust Co.*, No. 13-cv-81192, 2014 WL 235455, *3 (S.D.Fla. Jan. 22, 2014) (containing compilation of case law on apex depositions).

IT IS SO ORDERED.

DATED this 2 October 2017.

*Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge