IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED AUTOMOBILE INSURANCE,<br><br>                Plaintiff,<br>v.<br><br>STUCKI & RENCHER, LLC; MICHAEL J. COLLINS<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL<br><br>Case No. 2:15-cv-834 RJS<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636 (b)(1)(A) from Judge Robert Shelby.[1] Pending before the court is Defendants' short form discovery motion seeking to compel Plaintiff United Automobile Insurance Company (UAIC) to make Richard Parrillo, UAIC's Chief Executive Officer, available for deposition. Previously, the undersigned denied Plaintiff's Motion to Quash the subpoena issued to Mr. Parrillo without prejudice.[2] Now Defendants seek to compel the deposition of Mr. Parrillo. As set forth below the court finds that Defendants have not yet met the standards found in the apex doctrine. Therefore, the Motion to Compel will be DENIED.

BACKGROUND

As noted in the prior order concerning Mr. Parrillo's deposition, this action is a malpractice case brought by Plaintiff against Defendants. The circumstances giving rise to the dispute come from an underlying lawsuit, where following trial, Plaintiff's insured was found at

---

[1] Docket no. 16.

[2] Memorandum decision and order granting in part motions for discovery and denying motion to quash, docket no. 58.

fault and a jury awarded a judgment against the insured for $936,017.00.[3] UAIC settled the judgment and discharged it on behalf of their insured for over $700,000. UAIC also paid the fees and reimbursed Defendants for the costs associated in bringing the defense in the underlying action.[4] Plaintiff then filed the instant case against Mr. Collins and the law firm of Stucki & Rencher alleging professional negligence/malpractice, negligence, equitable subrogation and breaches of certain duties and contract.[5]

DISCUSSION

In the Tenth Circuit,

> [u]nder the apex doctrine, a court may protect high level corporate executives from the burden of attending a deposition under the following circumstances: '(1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company.'[6]

On July 27, 2017, Defendants served Richard Parillo with a subpoena commanding him to appear for a deposition on August 29, 2017. Plaintiff sought to quash the subpoena.[7] In denying that motion without prejudice the court adopted Plaintiff's proposal finding "it is too early to determine exactly whether Mr. Parillo will have unique personal knowledge or if the information sought from him will already be provided by Ms. Covolo and the other employees."[8]

Defendants note the 30(b)(6) deposition of Ms. Covolo has occurred and there are still outstanding issues that allegedly only Mr. Parillo can address. Defendants argue Mr. Parrillo

---

[3] Complaint p. 3-4, docket no. 2.

[4] *Id.* p. 4.

[5] *See id.* p. 5-44.

[6] *Asarco LLC v. Noranda Min., Inc.*, No. 2:12-CV-00527, 2015 WL 1924882, at *3 (D. Utah Apr. 28, 2015) (quoting *Naylor Farms v. Anadarko OGC Co.*, 2011 WL 2535067, *1 (D. Colo. June 27, 2011)).

[7] Docket no. 44.

[8] Memorandum decision and order granting in part motions for discovery and denying motion to quash, p. 11.

personally participated in UAIC's evaluation of the underlying litigation and his deposition would not be burdensome or costly since it would be held near in Miami, Florida, which is UAIC's headquarters and Mr. Parillo's residence. The court is not persuaded by Defendants' arguments.

Defendants have not shown Mr. Parillo has unique personal knowledge of the matter or that the information cannot be obtained from another witness. There are still other witnesses, such as Plaintiff's general counsel Paul Susz, or others involved in the decision making process, that Defendants may depose who are likely to have the desired information. Based on the current record before the court the undersigned is not convinced that Mr. Parillo should be deposed at this time.

## CONCLUSION AND ORDER

Defendants' Motion to Compel Deposition of Richard Parillo is DENIED. Defendants may renew their motion provided they make a more substantial showing of need that meets the standards of the apex doctrine.

IT IS SO ORDERED.

DATED this 23 February 2018.

_____
Brooke C. Wells
United States Magistrate Judge