IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>STUCKI & RENCHER, LLC; MICHAEL J. COLLINS<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING AND DENYING DEFENDANTS' MOTIONS TO COMPEL<br><br>Case No. 2:15-cv-834 RJS<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636 (b)(1)(A) from Judge Robert Shelby.[1] Pending before the court are four motions.[2] The court has considered the facts and arguments contained in the briefing submitted by the parties. Pursuant to Local Civil Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.[3] The Court addresses each of the motions below.

BACKGROUND

As noted previously, this case is a malpractice action brought by Plaintiff against Defendants. The facts giving rise to the dispute come from an underlying lawsuit, where following trial, Plaintiff's insured was found at fault and a jury awarded a judgment against the

---

[1] Docket no. 16.
[2] ECF No. 73, ECF No. 77, ECF No. 78, ECF No. 79.
[3] DUCivR 7-4(f).

insured for $936,017.00.[4] United Automobile Insurance Company (UAIC) settled the judgment and discharged it on behalf of their insured for over $700,000. UAIC also paid the fees and reimbursed Defendants for the costs associated in bringing the defense in the underlying action.[5] Subsequently, Plaintiff filed the instant case against Mr. Collins and the law firm of Stucki & Rencher alleging professional negligence/malpractice, negligence, equitable subrogation and breaches of certain duties and contract.[6]

Relevant to the instant motions are two prior orders from the Court. First, on October 2, 2017, the Court granted in part and denied in part four motions for discovery filed by Defendants that sought responses to certain interrogatories, production of documents and answers to requests for admission (the October 2nd Order). The Court modified some of the discovery requests finding them overbroad and permitted others, ordering Plaintiff to answer them.[7] In addition, the Court denied without prejudice Plaintiff's motion to quash a subpoena issued to Richard Parillo, the Chief Executive Officer and Chairman of the Board for Plaintiff. Defendants sought Mr. Parillo's deposition and the Court was not convinced his deposition was warranted at that time.[8] Also of note in this discovery order, the Court ordered Plaintiff to "provide affidavits outlining the details of the searches including the methods used" in a search for policies and manuals within UAIC.[9]

The next order also concerned Mr. Parillo's deposition (February 23rd Order). This time, however, Defendants filed a motion to compel Mr. Parillo's deposition. The Court considered

---

[4] Complaint p. 3-4, docket no. 2.

[5] *Id.* p. 4.

[6] *See id.* p. 5-44.

[7] For details see the Court's prior order, ECF No. 58 p. 3-9.

[8] ECF No. 58, p. 9-11.

[9] ECF No. 58, p. 2.

2

the apex doctrine as set forth in two cases from this circuit and denied the motion.[10] The Court found that Defendants failed to show Mr. Parillo had any unique personal knowledge of the events in this case or that the information sought by Defendants could not be obtained from other witnesses.[11] The Court permitted Defendants to renew their motion at a future date.

Now, once again, Defendants bring a series of discovery motions, including another motion concerning the deposition of Mr. Parrillo.

DISCUSSION

As set forth in the prior order, Federal Rule of Civil Procedure 26 governs Defendants discovery motions. Rule 26(b) provides in relevant part that

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."[12]

The court turns to each of the motions.

I. Defendants' Motion to Compel Discovery Responses Per the Court's Order and an Order to Show Cause[13]

Defendants seek compliance from UAIC concerning the Court's October 2nd Order. Specifically, Defendants cite to a lack of responses to certain interrogatories and requests for production of documents that allegedly have not been produced. In response, UAIC asserts that

---

[10] See *Asarco LLC v. Noranda Min., Inc.*, No. 2:12-CV-00527, 2015 WL 1924882, at *3 (D. Utah Apr. 28, 2015); *Naylor Farms v. Anadarko OGC Co.*, 2011 WL 2535067, *1 (D. Colo. June 27, 2011).

[11] ECF No. 61, p. 2-3.

[12] Fed. R. Civ. P. 26(b).

[13] ECF No. 73.

these documents "do not exist" or they are being produced.[14] The Court looks at each category specifically.

### A. Request for Production 2, 6, 7 and 13, and Paul Susz's claims file including emails with Sandra Covolo, Jan Cook and Collins

UAIC claims it has produced all of the responsive documents to these discovery requests, but according to Defendants, "it has refused to identify which documents contain the requested information and there are no documents that appear to be responsive."[15] Mr. Susz is Plaintiff's General Counsel. During his deposition, he testified that only after the adverse judgment was entered did he review the claims file from the underlying action and have email communications concerning the matter. Plaintiff states that it has only one claims file for the underlying action, which has been produced. Defendants complain, however, that UAIC has failed to complete a privilege log regarding documents in Mr. Susz's file it is withholding. UAIC asserts the "identity of the specific documents in that file is privileged attorney work product."[16]

The work product doctrine, as first articulated by the Supreme Court in *Hickman v. Taylor*,[17] is codified in F.R.C.P. 26(b)(3).[18] It is designed to balance the demands of the adversary system by preserving the privacy of an attorney's preparations for trial while still allowing discovery by the opposing party. In order for materials to be protected under the doctrine, they must be "prepared in anticipation of litigation or for trial . . . ."[19] Materials prepared with mixed purposes, such as a litigation and business purpose, are protected only if

---

[14] Op. p. 1, ECF No. 85.

[15] Mtn. p. 2, ECF No. 73.

[16] Op. p. 3.

[17] 329 U.S. 495, 500, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947).

[18] *See* Fed. R. Civ. P. 26(b)(3).

[19] *Id.*

"the primary motivating purpose behind the creation of the [materials was] to assist in pending or impending litigation."[20] Under Rule 26(b)(3) work product includes documents and "tangible things" prepared in anticipation of litigation or trial by a party or its representatives including a "consultant, surety, indemnitor, insurer, or agent. . . ."[21] But, if these representatives are collecting or compiling information that existed in the regular course of business, protections under the work product doctrine are questionable.[22] The party resisting discovery on grounds of privilege or the work product doctrine bears the burden of coming forward with facts that sustain their claim.[23]

Under these principles, the Court is not persuaded that the identity of documents in Mr. Susz's file are privileged attorney work product. Instead, it his highly likely that they are the collecting or compiling of information that existed in the regular course of business. Perhaps specific content may be privileged, but not their general identity. And, without a privilege log, neither Defendants or the Court can make a determination regarding privilege. UAIC argues that it has "not withheld any documents that Susz kept in his file for the underlying action."[24] Even if this is true, the Court will still require UAIC to file a privilege log concerning all documents that are subject to these Requests for Production, including Mr. Susz's emails with Sandra Covolo, Jan Cook and Collins. This privilege log is ORDERED to be filed within five business days from the date of this order.

---

[20] *United States v. Gulf Oil Corp.*, 760 F.2d 292, 296 (Temp.Emer.Ct.App. 1985).

[21] Fed. R. Civ. P. 26(b)(3).

[22] *See Gulf Oil Corp.*, 760 F.2d 292.

[23] *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) ("A party seeking to assert [a] privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made.... The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document."); *S.E.C. v. Nacchio*, 2007 WL 219966, *4 (D.Colo.2007).

[24] Op. p. 3.

5

B. Interrogatories 9 and Request for Production 1, 2, 6, 7, and 13 including payment report, billing records and summary, and any communication with Impact General

Once again, UAIC claims it has produced all responsive documents, but UAIC has refused to identify which documents are responsive to the requests. In addition, Defendants complain that UAIC has failed to produce any documents concerning communications with Impact General. Impact General is an outside accident reconstruction firm that performed work in the underlying action. Plaintiff argues any communications it had with Impact General would be in the claims file that was already produced. Moreover, Impact General responded to Defendants' subpoena by producing all the documents it had in its file regarding the underlying case.

The Court is not convinced that UAIC has fully complied with these requests. UAIC cannot solely rely on a third party subpoena to meet its discovery obligations.[25] Based on Defendants representations about the testimony of an employee from Impact General, Lyle Persch, who testified about emails he sent UAIC, it appears there is still some missing information with regard to these requests. Defendants are entitled to a more thorough search and attempt to comply than what it appears UAIC has made to date. The Court ORDERS supplemental responses to these requests.

C. Interrogatory 7 and Request for Production 6, 7 and 13 including UAIC's email communications regarding limits demand, demand for $30,000 and settlement recommendations

According to Defendants, UAIC has "produced virtually no email correspondence from any employee." In the October 2nd Order, the Court ordered Plaintiff "to provide affidavits

---

[25] *See In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 653 (D.Kan.1996) (party cannot meet its discovery obligations by "sticking its head in the sand and refusing to look for the answer and then saying it does not know the answer;" a corporation must speak to those employees who may have responsive information).

outlining the details of the searches including the methods used."[26] This was to include affidavits about searches made for the alleged missing emails Defendants claim are available, but yet to be produced. Defendant argues the sworn affidavits have not been produced. Instead, Plaintiff points to official deposition testimony. Plaintiff claims it searched the entire universe of email files regarding the underlying action.[27] And, Plaintiff provided 30(b)(6) deposition witnesses who testified about the searches. Such efforts, according to Plaintiff, should be sufficient.

Although the Court acknowledges UAIC's efforts, there continues to be a misunderstanding. UAIC is to provide written sworn affidavits about its search methods and results. While 30(b)(6) deposition testimony is helpful, affidavits must still be provided in accordance with the Court's prior order. Of note, is Plaintiff's representation that it "has just learned" that certain case files are "not complete."[28] Items from these files, including emails, will shortly be produced, or listed in an amended privilege log. Such missing information is support for the continued need for sworn written affidavits from UAIC regarding its searches including the methods used. These affidavits are to be provided within fourteen (14) days from the date of this order.

   D. Post-verdict information

Post-verdict information was not part of the October 2nd Order and the Court made no ruling on such information. Notwithstanding a lack of any ruling, under the broad discovery standards before trial, it seems such information would be relevant or lead to relevant

---

[26] October 2, 2017 Order p. 2, ECF No. 58.
[27] Op. p. 4.
[28] Op p. 4.

information as long as it was proportional to the needs of this case.[29] The Court makes no ruling on this requested category of information, but ORDERS the parties to use their best efforts in resolving any disputes concerning such discovery requests.

    E. Other requested documents including a current copy of UAIC's claims file and billing information

As noted by the parties, it is nearly unbelievable that information such as this does not exist. At this time the Court is not going to question UAIC's record keeping practices as strange as they may seem. However, UAIC is to provide a sworn written affidavit regarding this information that everything has been produced as claimed, and if it does not have certain information, such as billing information, then that it does not exist. UAIC is ORDERED to provide an overview of its record keeping procedures as part of this affidavit.

    F. A litigation log and record of consumer complaints, including investigations made by the Utah department of Insurance Defense

Defendants have sought information regarding litigation that UAIC has been involved in and a record of consumer complaints. Other litigation information was part of the Court's October 2nd Order. As such it is to be produced. Testimony from a 30(b)(6) witness indicating he was not prepared to testify about such information, but that it could be "easily complied by looking at UAIC's litigation log" does not satisfy the Court's order. UAIC is ORDERED to respond to Interrogatories 1, 10 and Response for Production 1 as set forth in the Court's prior order.

In similar fashion, consumer complaints were also part of the Court's prior October 2nd Order. For example, the Court ordered UAIC to answer Request for Production 19 and 20.[30]

---

[29] As noted by Defendants, the Court has already set forth what it deems to be the relevant time period for discovery requests. Post-verdict information fits within that time frame.

[30] October 2, 2017 Order p. 8.

UAIC is to comply with the Court's prior order and provide information regarding consumer complaints including investigations made by the Utah Department of Insurance Defense.

II. Defendants' Motion to Compel Full and Complete Responses to Discovery Requests[31]

In this motion, Defendants seek responses to certain Interrogatories. Rather than answering the Interrogatories directly, UAIC cited to "hundreds of pages of its officers' deposition testimony."[32] Defendants argue this "massive designation" does not comply with Rule 33's requirement that each "interrogatory must, … be answered separately and fully in writing under oath."[33] Defendants assert UAIC's answers are prejudicial and non-responsive.

In contrast, UAIC argues its answers were proper. Defendants simply seek "information in the interrogatory responses so they won't have to look at the referenced testimony."[34] UAIC points to Moore's Federal Practice which states:

> [T]he incorporation of outside material by reference in responses to interrogatories is evaluated on a case-by-case basis, and, as one district court has held, the judge has discretion to find such a response acceptable. Thus, it may be acceptable for a response to an interrogatory to refer to answers to other interrogatories or other discovery in order to avoid unnecessary repetition, but the referral must be clear and precise.[35]

Further the cases cited to by Defendants are inapplicable because they did not require an order by the court for a responding party to provide sworn testimony regarding document searches.

The Court is persuaded that the answers here, which designate numerous pages of deposition testimony, are not responsive or within the intent of the Rules. Even Moore's Federal

---

[31] ECF No. 77.

[32] Mtn. p. 2, ECF No. 77.

[33] Fed. R. Civ. P. 33(b)(3) (2018).

[34] Op. p. 3.

[35] 7 Moore's Federal Practice § 33.103 (Matthew Bender 3d ed.).

9

Practice cited to by UAIC states in part that the "referral must be clear and precise."[36] Moreover, the fact that the Court required UAIC to provide sworn affidavits regarding its searches does not sufficiently distinguish this case from those cited to by Defendants. "Incorporation by reference to a deposition is not a responsive answer"[37] especially when it includes numerous pages. As such, the Court ORDERS UAIC to answer these Interrogatories "separately and fully in writing under oath."[38]

   III.    Defendants' Motion to Compel Supplemental Responses to Discovery Based on UAIC's Deposition Testimony[39]

Defendants move to compel UAIC to "supplement interrogatories and requests for production of documents (RFP) with documents identified by UAIC's representatives at its deposition."[40] According to Defendants, UAIC's witnesses often identified documents responsive to discovery requests during their depositions that have not been produced. Specifically, Defendants move for the following information:

1. Int. 18: Report summarizing all department of insurance complaints made against UAIC.2

2. RFP. 6, 7, and 13: All files related to the property damage claim for Joanne Cooper.

3. Int. 7, RFP. 1, 2, 6, and 13: Identification of actuary used in 2011-2014 and any communications with the actuary related to the underlying claim.

4. Int. 7, RFP. 1, 2, 6, 7, and 13: Any monthly reports made to Sandra Covolo about the underlying claim.

---

[36] 7 Moore's Federal Practice § 33.103

[37] *Cont'l Illinois Nat. Bank & Tr. Co. of Chicago v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991); *see also Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999) (noting that a "party may not properly answer an interrogatory by referring generically to testimony given upon deposition").

[38] Fed. R. Civ. P. 33(b)(3) (2018).

[39] ECF No. 78.

[40] Mtn. p. 1, ECF No. 78.

5. RFP 21: UAIC's billing guidelines and the timeframe during which they were in place.

6. Int. 12 and RFP 1 and 23: Sandra Covolo's vacation dates in 2013-2014.

7. Int. 7 and RFP 6: Engagement letter with Scott Savage.

8. Int. 28 & RFP 19: UAIC market conduct and financial examinations, including without limitation the entire files related to such examinations in Utah.[41]

In response, UAIC provides that its 30(b)(6) witness, Covolo testified that she "believed Plaintiff maintained a computer log of reports of department of insurance complaints against it and Plaintiff agreed to produce a printout of that log if it could be located."[42] UAIC notes it has located the log and is producing a printout of it.

Next, the Cooper property damage claim file has been produced. As to item 3, UAIC states that it has produced all "non-privileged communications regarding the underlying claim and none of those communications were with its outside actuary firm"[43] Defendant has not convinced the Court that UAIC did not comply with both these obligations. As such the requests for this discovery is DENIED.

UAIC claims it has no monthly reports made to Covolo. Next, UAIC looked for billing guidelines, as Covolo testified that she believed at one time they existed. None were found and UAIC states it has "no such billing guidelines to produce."[44]

As to item number 6, vacation dates for Covolo, UAIC states that "the supervisor on vacation at that time was Cook, the claim adjuster's immediate supervisor, and not

---

[41] *Id.* p. 2-3.

[42] Op. p. 1, ECF No. 86.

[43] *Id.* p. 2.

[44] *Id.*

11

Covolo, to whom Cook reported." The vacation information for Cook has been provided and the Court agrees there is nothing in Defendants' motion to persuade the Court that Covolo's vacation time is also needed. Number 6 is satisfied. Savage is Plaintiff's counsel in this action and Defendants request the engagement letter with him. The Court questions the relevance of this letter to the dispute and in any event, such a letter is likely privileged. If UAIC seeks to claim it as privileged it should be listed on a privilege log.

Finally, as to item 8, UAIC notes that it has produced all market conduct investigations that it was able to locate. Plaintiff agreed to conduct an additional search and did locate an additional report that is being produced. Defendants seek an order making UAIC's 30(b)(6) witnesses available to depose "regarding any documents or information provided." The Court is not convinced that such additional deposition testimony is needed as testimony has already been given regarding documents. This request is DENIED.

Accordingly, as to this motion the Court will DENY Defendants' requests. Much of the information has been sought for and not found, and that which has been found is being produced or need not be produced due to a privilege.

IV.     Defendants' Motion Regarding Richard Parrillo[45]

Defendants move the Court for an order prohibiting UAIC from calling its Chief Executive Officer, Richard Parillo, as a witness, or in the alternative to compel his deposition. Based on UAIC's prior assertions that he has no unique personal knowledge, which this Court has considered in not permitting his deposition thus far,[46] Defendants "agreed not to depose

---

[45] ECF No. 79.

[46] *See* October 2, 2017 Order, ECF No. 58; February 23, 2018 Order, ECF No. 61.

Parillo only if UAIC is barred from calling Parillo for any purpose."[47] If he is going to testify Defendants seek his deposition and raise essentially the same arguments brought previously. Defendants, however, do raise a new argument, this Court should reject the Apex doctrine because no Tenth Circuit opinion adopts the doctrine. In support Defendants point to a case from this district *First American Title Ins. Co. v. Northwest Title Insurance Agency LLC*[48] in addition to other case law.[49]

In *First American*, Magistrate Judge Warner declined to apply the apex doctrine to a protective order seeking to preclude the deposition of a CEO. Instead, Magistrate Judge Warner utilized the same Rule 26(c) standards as applicable to any other witness and noted that the "Tenth Circuit has not adopted the apex doctrine."[50] As noted in this Court's prior decisions, however, there are other cases from the Tenth Circuit, including one from this district,[51] and another from the District of Colorado,[52] that have applied the apex doctrine. Thus, without any precedent from the Tenth Circuit Court of Appeals on the apex doctrine, whether the apex doctrine is applicable in the Tenth Circuit appears to be an open question. In any event, many of the factors considered in an apex doctrine analysis overlap with a Rule 26(c) analysis. Under

---

[47] Mtn. p. 2, ECF No. 79.

[48] 2016 U.S. Dist. LEXIS 62526 (D. Utah May 11, 2016).

[49] The Court find these authorities unpersuasive. For example, in *Horsewood v. Kids "R" Us*, 1998 WL 526589, *4 (D. Kan. August 13, 1998), the court considered the length of a continued deposition, a request to limit it to six hours and a motion to quash the deposition of the vice president over human resources. The court did not analyze the Apex Doctrine. Similarly, in *Pepsi-Cola Bottling Co of Pittsburgh, Inc. v. Pepsico, Inc.*, 2002 WL 922082, *3 (D. Kan. May 2, 2002), the court did not explicitly consider the Apex Doctrine and importantly, that court found the proposed deponents who were executives, both possessed knowledge regarding the project at issue. Here, the Court has not found that Parillo possessed similar knowledge of the events at issue in the underlying action.

[50] *First Am.* 2016 U.S. Dist. LEXIS 62526 at *2; *see also Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.*, 2012 U.S. Dist. LEXIS 126631, 2012 WL 3879885, at *3 (D. Kan. Sept. 6, 2012) ("This Court finds no Tenth Circuit opinion that adopts the [apex] doctrine").

[51] *See Asarco LLC v. Noranda Min. Inc.* 2015 WL 1924882 (D. Utah Apr. 28, 2015).

[52] *See Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 U.S. Dist. LEXIS 68940, 2011 WL 2535067 (D. Colo. June 27, 2011).

Rule 26(c)(1) a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[53] Under an apex doctrine analysis, a court may consider the burden of attending a deposition and whether such attendance is a hardship or the oppression created on the deponent and company.[54] And, even in the case from this district cited to by Defendants where the court declined to apply the apex doctrine and instead used a Rule 26(c) analysis, the court considered the knowledge of the deponent, which is also a consideration under the apex doctrine.[55] Finally, under either type of an analysis, it is clear the party seeking to resist discovery bears the burden to "show specific and particular factors why discovery should be limited."[56] It is this burden, and Plaintiff's contradictory argument, that in the Court's opinion, shifts the tide toward Defendants request.

In resisting Defendants motion, Plaintiff contends that Defendants still do not show a need to depose Parrillo arguing he has no unique knowledge and this Court has already rejected attempts to depose him twice. Plaintiff is wrong as to its last argument. This Court left open the possibility of deposing Parrillo in its prior orders. And now, the Court is concerned that Plaintiff is taking the position that Parrillo has no unique personal knowledge about the underlying case precluding his deposition, but if needed, Plaintiff may call him at trial as a rebuttal witness, presumably because he has relevant information. These arguments are "inconsistent with the fundamental precept of Anglo–American jurisprudence that you cannot have your cake and eat

---

[53] Fed. R. Civ. P. 26(c)(1).

[54] *See Asarco*, 2015 WL 1924882 at *3.

[55] *See First Am.* 2016 U.S. Dist. LEXIS 62526 at *2-*3.

[56] *digEcor, Inc. v. e.Digital Corp.,* 2008 U.S. Dist. LEXIS 69931, 2008 WL 4335544, at *2 (D. Utah Sept. 16, 2008); *see Naylor Farms*, 2011 U.S. Dist. LEXIS 68940, *7, 2011 WL 2535067 ("To avoid any doctrinal confusion, the Court now unequivocally adopts the burden shifting scheme set forth above and holds that the ultimate burden of persuasion lies with the executive invoking the apex doctrine.").

it, too:"[57] Plaintiff cannot simultaneously seek to shield Parrillo from a deposition because he has no unique knowledge, while holding him in reserve as a rebuttal witness based on his knowledge. Under either Rule 26(c) or the apex doctrine such contradictory positions would not be permitted. Moreover, UAIC's argument undermines the burden Plaintiff has to resist the requested discovery. Thus, the Court will grant Defendants motion to either depose Parrillo or have Plaintiff agree not to call him at trial. Such a decision is not a sanction as alleged by Plaintiff. Rather, it is simply the application of a fundamental principle of fairness that furthers the interests of justice by minimizing surprise at trial.[58] Accordingly, Defendants motion is GRANTED.

V. Defendants' Request for Attorney Fees

As part of the motions brought by Defendants, Defendants seek an award of attorney fees.[59] The beginning point for determining whether Defendants are entitled to reasonable expenses, including reasonable attorney fees, in obtaining this order, is Federal Rule of Civil Procedure 37(a)(5). Federal Rule of Civil Procedure 37(a)(5) provides in relevant part that:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.[60]

---

[57] *I.T. Consultants, Inc. v. Republic of Pakistan*, 351 F.3d 1184, 1191 (D.C. Cir. 2003).

[58] *See e.g., United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (noting that the charges must be defined with "sufficient precision" to allow a defendant to prepare his defense and to "minimize surprise at trial"); *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D. Colo. 2003) ("[D]iscovery procedures in the Federal Rules of Civil Procedures seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information.").

[59] *See* ECF No. 73 p. 8, ECF No. 77 p. 4 and ECF No. 78 p. 3.

[60] Fed. R. Civ. P. 37(a)(5)(A).

If, however, the "opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust" then the court "must not order" such a payment.[61]

Here, the Court grants Defendants' Motion to Compel Discovery Responses Per the Court's Order[62] ordering the production of a privilege log, supplemental responses, affidavits and other discovery. Although the Court declined to order post-verdict information as part of this motion, the Court finds UAIC was not substantially justified in failing to adequately comply with the Court's prior order in its responses. As such, the Court will grant the request for attorney fees as to this motion in part. Defendants are to submit an affidavit of attorney fees for this motion excluding the work put into any requests for post-verdict discovery.

Next, the Court also granted Defendants' Motion to Compel Full and Complete Responses to Discovery Requests[63] finding citations to numerous pages of depositions improper and against Plaintiff's own citation to Moore's Federal Practice. Accordingly, attorney fees are granted as to this motion. Defendants are to submit the necessary affidavit of attorney fees.

Finally, the Court denied Defendants' Motion to Compel Supplemental Responses to Discovery Based on UAIC's Deposition Testimony[64] because much of the discovery either has been produced or is simply not available. No attorney fees are awarded as to this motion.[65]

---

[61] *Id.* at 37(a)(5)(A)(ii) & (A)(iii).

[62] [ECF No. 73](#).

[63] [ECF No. 77](#).

[64] [ECF No. 78](#).

[65] Defendants made no request for attorney fees in its motion regarding the deposition of Parrillo.

CONCLUSION AND ORDER

For the reasons set forth above the Court HEREBY ORDERS as follows:

1. Defendants' Motion to Compel Discovery Responses Per the Court's Order and an Order to Show Cause is GRANTED IN PART AND DENIED IN PART as set forth above.[66]

2. Defendants' Motion to Compel Full and Complete Responses to Discovery Requests is GRANTED.[67]

3. Defendants' Motion to Compel Supplemental Responses to Discovery Based on UAIC's Deposition Testimony is DENIED.[68]

4. Defendants Motion concerning Richard Parrillo is GRANTED.[69]

5. Attorney fees are GRANTED IN PART as set forth above.

6. All discovery that is part of this order is to be provided within thirty (30) days from the date of this order unless ordered otherwise.

IT IS SO ORDERED.

DATED this 13 May 2019.

_____
Brooke C. Wells
United States Magistrate Judge

---

[66] ECF No. 73.

[67] ECF No. 77.

[68] ECF No. 78.

[69] ECF No. 79.