IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>STUCKI & RENDER, LLC, MICHAEL J. COLLINS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPORTIONMENT OF ATTORNEY FEES<br><br>Case No. 2:15-CV-834 RJS<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636 (b)(1)(A)[1] from Judge Robert Shelby. Pending before the court is Plaintiff United Automobile Insurance Company's (UAIC or Plaintiff) Motion for Apportionment of Attorney Fees.[2] Plaintiff seeks to apportion the attorney fees "incurred in connection with the three discovery motions by Defendants that were granted in apart and denied in part"[3] by the court previously.[4] For the reasons set forth below, the court will deny the motion.

BACKGROUND

This is a malpractice action brought against Defendants. The circumstances surrounding this dispute arise from another lawsuit, where following trial, Plaintiff's insured was found at fault and a jury awarded a judgment against the insured for $936,017.00.[5] Plaintiff UAIC settled

---

[1] ECF No. 16.

[2] ECF No. 97.

[3] Mtn. p. 1, ECF No. 97.

[4] Memorandum Decision and Order Granting and Denying Defendants' Motions to Compel, (May 13, 2019 order), ECF No. 96.

[5] Complaint p. 3-4, ECF No. 2.

the judgment and discharged it on behalf of their insured for over $700,000. UAIC also paid the fees and reimbursed Defendants for the costs associated in bringing the defense in the underlying action.[6] Plaintiff subsequently filed this case against Mr. Collins and the law firm of Stucki & Rencher, alleging professional negligence/malpractice, negligence, equitable subrogation and breaches of certain duties and contract.[7]

## DISCUSSION

As part of a prior discovery order entered on May 13, 2019, the court granted Defendants attorney fees in part under Federal Rule of Civil Procedure 37(a)(5)(A). Plaintiff now seeks to apportion these fees under Rule 37(a)(5)(C). This rule states in relevant part:

> *If the Motion is Granted in Part and Denied in Part*. If the motion is granted in part and denied in part, the court may … after giving an opportunity to be heard, apportion the reasonable expenses for the motion.[8]

In the May 13, 2019 order, the court noted in detail as to which motions it was awarding attorney fees. For example, the court granted the request for attorney fees in part as to the "Motion to Compel Discovery Responses Per the Court's Order ordering the production of a privilege log, supplemental responses, affidavits and other discovery"[9] instructing the filing of an affidavit that excluded "work put into any requests for post-verdict discovery."[10] And, it denied fees as to "Defendants' Motion to Compel Supplemental Responses to Discovery Based on UAIC's Deposition Testimony because much of the discovery either has been produced or is simply not available."[11]

---

[6] *Id.* p. 4.

[7] *See id.* p. 5-44.

[8] Fed. R. Civ. P. 37(a)(5)(C).

[9] May 13, 2019 order p. 16, (internal citation omitted).

[10] *Id.*

[11] *Id.* (internal citation omitted).

The court finds its prior order is sufficiently specific and in essence already apportioned fees. Defendants are to submit the necessary affidavits as set forth in the May 13, 2019 order within fourteen (14) days from the date of this order and are not to request fees for those items or motions excluded by the court. Therefore, Plaintiff's Motion for Apportionment is unnecessary and will be denied.

Finally, in response, Defendants invite the court to "re-examine its determinations"[12] with respect to certain categories of discovery if it re-examines its ruling with respect to attorneys fees. The court declines Defendants' invitation to re-examine its prior ruling.

## ORDER

It is HEREBY ORDERED that Plaintiff's Motion for Apportionment of Attorney Fees is DENIED.

IT IS SO ORDERED.

DATED this 10 July 2019.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[12] Op. p. 7, ECF No. 103.